IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW LUCERO,

    Plaintiff,

v.                                         Case No. 1:24-cv-00788-LF-SCY

COUNTY OF BERNALILLO, NEW
MEXICO; MICHAEL FERSTL, individually
and in his official capacity as an employee of
the County of Bernalillo, New Mexico; and
DARREN JAMES, individually and in his
official capacity as an employee of the
County of Bernalillo, New Mexico,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS
AND DENYING MOTION FOR SUMMARY JUDGMENT AS MOOT**

This matter comes before the Court on Defendants County of Bernalillo, New Mexico (the "County"), Michael Ferstl, and Darren James' Motion to Dismiss and Supporting Memorandum Brief ("Motion"), filed August 7, 2024. Doc. 7. Plaintiff Matthew Lucero did not respond. Accordingly, having reviewed the Motion and the applicable law, the Court grants the motion to dismiss and allows Mr. Lucero thirty (30) days to file an amended complaint. Because the Court grants the motion to dismiss, the pending Motion for Summary Judgment (Doc. 8) is denied as moot.

## BACKGROUND

The complaint (Doc. 1-2) alleges that Mr. Lucero formerly worked as a Youth Program Officer for Bernalillo County. *Id.* at 3. In 2020, he was diagnosed with "a severe form of COVID-19, requiring immediate hospitalization and intubation for seven months"; Mr. Lucero

took leave under the Family and Medical Leave Act ("FMLA") during this time. *Id.* He eventually returned to work, requesting accommodations for "his serious medical condition"—the Court draws the inference that this condition was a form of long COVID or other illness following Mr. Lucero's contraction of COVID-19—but his request for accommodations was denied. *Id.* He claims to have "suffered harassment from his supervisor Darren James." *Id.* In addition, he alleges that in June 2022, he "suffered a knee injury at work and filed a claim under the New Mexico Workers Compensation Act," and that after he returned to work, "the harassment and retaliation started up again." *Id.* Mr. Lucero claims that he "was forced to resign from his job" due to the "toxic atmosphere" and "intolerable and continuous" retaliatory harassment. *Id.*

Mr. Lucero brings a claim under the New Mexico Human Rights Act ("NMHRA"), *id.*, because his requested accommodation—"his work is not to exceed eight hours of work in one single day due to his serious medical conditions"—was denied, *id.* at 4. He also brings a claim under the New Mexico Workers Compensation Act ("NMWCA"), asserting that he filed a workers' compensation claim, and "Defendant" retaliated against him. *Id.* Finally, he brings a claim under the FMLA, claiming that he exercised his right to leave under the FMLA and "Defendant" "interfered with" the use of this leave. *Id.* at 5. Mr. Lucero seeks compensatory damages in the form of lost past and future wages, punitive damages, pre- and post-judgment interest, attorney's fees, and costs. *Id.* at 6.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

quotation marks omitted). The Court "accept[s] the well-pleaded facts alleged as true and view[s] them in the light most favorable to the plaintiff." *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

## ANALYSIS

The Court considers the claims against each defendant in turn.

### I.      Michael Ferstl

Mr. Lucero makes the following allegations against Mr. Ferstl:

> Defendant Michael Ferstl is believed to be a resident of Bernalillo County, New Mexico. Mr. Ferstl was Director, Bernalillo County Youth Services Center. Mr. Ferstl supervised Defendant Darren James. Mr. Ferstl harassed and retaliated against Plaintiff because of Plaintiff's serious medical conditions and request for an accommodation, because Plaintiff brought a claim under the New Mexico Workers Compensation Act, and because Plaintiff exercised his rights under the Family and Medical Leave Act. Mr. Ferstl made it intolerable for Plaintiff to perform his job. Mr. Ferstl was willful and malicious in his harassment of Plaintiff, causing Mr. Lucero to be constructively discharged.

Doc. 1-2 at 1. The rest of the complaint contains allegations levied generally against "Defendant," *see id.* at 3 ("Plaintiff's request for accommodation was denied by Defendant"), or in the third person without identifying a specific defendant, *see id.* ("Upon [Mr. Lucero's] return to work, the harassment and retaliation started up again . . . . The harassment . . . was intolerable and continuous, creating a toxic atmosphere . . . .").

These allegations are conclusory; they state only that Mr. Ferstl harassed Mr. Lucero without explaining even basic details such as what Mr. Ferstl purportedly did, how he did it, or when it took place. The allegations do not indicate that Mr. Ferstl was the one who denied Mr. Lucero's request for accommodation or even knew that the request was made. In short, the

complaint fails to provide notice to Mr. Ferstl about what he is alleged to have done, rendering it difficult or impossible to defend himself against these claims. Because Mr. Lucero fails to reach the plausibility standard required to survive a motion to dismiss, the Court grants the Motion as to the claims against Mr. Ferstl.

## II. Darren James

Mr. Lucero makes the following allegations against Mr. James:

> Defendant Darren James is believed to be a resident of Bernalillo County, New Mexico. Mr. James was Program Manager of Operations, Bernalillo County Youth Services Center. Mr. James was Plaintiff's supervisor at work. Mr. James harassed and retaliated against Plaintiff because of Plaintiff's serious medical conditions and request for an accommodation, because Plaintiff brought a claim against the New Mexico Workers Compensation Act, and because Plaintiff exercised his rights under the Family and Medical Leave Act. Mr. James made it intolerable for Plaintiff to perform his job. Mr. James was willful and intentional in his harassment and retaliation of Plaintiff.

Doc. 1-2 at 2. As noted in the previous section regarding Mr. Ferstl, many of the remaining allegations in the complaint do not specify which defendant committed them or are written in the third person without identifying an actor. *See id.* at 3. The only other statement that names Mr. James is vague. *See id.* ("Soon after he returned to work, Plaintiff suffered harassment from his supervisor Darren James.").

None of these allegations specify what harassing or retaliatory behavior Mr. James purportedly engaged in. They are conclusory in nature: they baldly state that Mr. James willfully and intentionally harassed Mr. Lucero without providing any information about that harassment. *See Iqbal*, 556 U.S. at 678 (pleadings must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Because Mr. Lucero fails to meet the plausibility standard, the Court grants the Motion as to the claims against Mr. James as well.

### III. County of Bernalillo, New Mexico

Mr. Lucero has filed suit against "County of Bernalillo, New Mexico." Doc. 1-2 at 1. The proper method of suing Bernalillo County, however, is through its board of commissioners. *See* N.M. STAT. ANN. 1978, § 4-46-1 ("In all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county of . . . ."). Suit against the "County of Bernalillo, New Mexico" is therefore improper, and the Court grants the Motion as to this defendant.

### IV. Damages

Although the Court has granted dismissal of all defendants, it will provide Mr. Lucero an opportunity to amend his complaint. It thus is appropriate to address the Motion's remaining arguments for dismissal.

Mr. Lucero seeks punitive damages. Doc. 1-2 at 6. Two of the laws under which he files suit, however—the NMHRA and the FMLA—do not allow for the recovery of punitive damages. *See id.* at 3–5; *Darr v. N.M. Dep't of Game & Fish*, 403 F. Supp. 3d 967, 1003 (NMHRA prohibits award of punitive damages); *Saavedra v. Lowe's Home Ctrs., Inc.*, 748 F. Supp. 2d 1273, 1296–97 (D.N.M. 2010) (FMLA does not permit recovery of punitive damages). The complaint does not specify the legal basis for Mr. Lucero's punitive damages claim. To the extent he relies on either the NMHRA or FMLA, the Court dismisses any claim for punitive damages under these laws.

Mr. Lucero also seeks emotional distress damages. Doc. 1-2 at 5. The FMLA also does not permit recovery of emotional distress damages. *Saavedra*, 748 F. Supp. 2d at 1297. It is unclear from the structure of Mr. Lucero's complaint if he seeks emotional distress damages— the complaint identifies emotional distress as a damage Mr. Lucero suffered, but it does not

include emotional distress in the prayer for relief. *See* Doc. 1-2 at 5–6. To the extent Mr. Lucero does seek emotional distress damages pursuant to the FMLA, the Court dismisses that claim.

Finally, Mr. Lucero alleges that he lost wages and benefits. Doc. 1-2 at 6. The Motion seeks to have the Court limit Mr. Lucero's damages under the FMLA to the damages found in 29 U.S.C. § 2617(a)(1)(A)(I)(i), which permits recovery of lost wages, salary, employment benefits, or other compensation denied or lost to an employee because of the employer's FMLA violations. Doc. 7 at 6. The other damage-recovery provision of the FMLA, 28 U.S.C. § 2617(a)(1)(A)(I)(ii), applies when wages and other compensation "have not been denied or lost to the employee." Because Mr. Lucero claims that wages and other compensation *have* been denied or lost to him, the Court agrees that only the first provision, § 2617(a)(1)(A)(I)(i), applies. To the extent Mr. Lucero claims recovery under the second provision, § 2617(a)(1)(A)(I)(ii), the Court dismisses that claim.

## V.     Leave to Amend

The Court grants Mr. Lucero thirty (30) days to file an amended complaint if he chooses. If Mr. Lucero does not file an amended complaint, the Court will dismiss this case without further notice given that this Memorandum Opinion and Order dismisses all defendants identified in the complaint.

## VI.    Motion for Summary Judgment

Defendants filed a motion for summary judgment (Doc. 8). Because this Memorandum Opinion and Order dismisses the complaint on which the motion for summary judgment is based, the Court denies the motion for summary judgment as moot. If Mr. Lucero files an amended complaint, Defendants may file a new motion for summary judgment addressing the amended complaint.

It is so ordered.

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE